IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNNY AUSTIN BENTON                                                                    PLAINTIFF

v.                              Civil No. 6:22-CV-06057-BAB

TODD BALL, SERGEANT GEDDING,                                                        DEFENDANTS
MRS. RACHEL McCLELLAND and JOHN
DOE CORRECTIONAL STAFF.[1]

## MEMORANDUM OPINION

This is a civil rights action filed *pro se* by Plaintiff, Johnny Austin Benton, under 42 U.S.C. § 1983. On November 3, 2022, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 27). Before the Court is Defendants' Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 28).

## I. BACKGROUND

Plaintiff filed his Complaint on May 19, 2022. (ECF No. 1). Plaintiff alleges that on February 2, 2022, he, along with 49 other inmates, was transferred to the Arkansas Division of Correction ("ADC") Ouachita River Unit in Malvern, Arkansas. (*Id*. at 4). Defendant Ball and Defendant Gedding called half of the inmates to be processed in and left the other half to stand outside in a light rain. (*Id*.). Plaintiff was in the group left outside. (*Id*.). Plaintiff summarizes this as Defendant Ball and Defendant Gedding "left us in a light rain in the middle of winter." (*Id*. at 3).

---

[1] Plaintiff voluntarily dismissed Defendants Sergeant Cody and Sergeant Jenkins without prejudice. (ECF Nos. 15, 16, 18, 19).

1

After about 45 minutes, Sergeant Cody took them inside two at a time and processed them. (*Id*.).  After bringing them inside, Plaintiff alleges Sergeant Cody kept the inmates in the hallway for 45 minutes in their bare feet and wearing nothing but boxers. (*Id*. at 3).  Correctional Care staff gave them a COVID-19 test and attended to other inmate intake medical needs. (*Id*.).

The next day, Plaintiff was informed that he tested positive for COVID-19, and Mrs. McLelland assigned him to Four Barracks with 19 other COVID-positive inmates. (*Id*.).  Plaintiff alleges Defendant Ball let his staff put him in intake on February 11, 2022, for five days where "it was flooded and below freezing with no heat on the [w]hole time with one blanket and two sheets and a mat." (*Id*.).  Plaintiff summarizes this by stating she put him in a barracks with no heat and 79 other inmates with COVID. (*Id*. at 3).

Plaintiff proceeds against all Defendants in their individual capacity. (*Id*. at 5).  He checked the section on the form indicating he seeks relief other than compensatory or punitive damages. (*Id*. at 9).  He did not, however, describe any relief other than monetary damages. (*Id*.).

Defendants filed their Motion for Summary Judgment on the Issue of Exhaustion on November 29, 2022. (ECF No. 28).  They argue Plaintiff filed one grievance concerning the claims in his case, EA-22-00129, and this grievance was not administratively exhausted.  Thus, they are entitled to summary judgment as a matter of law. (ECF No. 31 at 9-11).

The Court entered an Order directing Plaintiff to file his Response on November 30, 2022. (ECF No. 32).  Plaintiff did so on December 7, 2022. (ECF No. 34).  His Response does not address the administrative exhaustion arguments set out by Defendants.  He filed an Addendum to his Response on December 12, 2022. (ECF No. 36).  In a single paragraph, Plaintiff argues that the ADC grievance committee does not "properly process the Grievance procedure properly." (*Id*.).  He further states he needed to file another grievance to correct the undisputed allegation.

(*Id*.).  He attaches a copy of the rejection of his appeal for EA-22-00129.  (*Id*. at 2).  He attached copy of an initial grievance form which does not contain a grievance number and does not address anything alleged in his Complaint.  (*Id*. at 3).  Plaintiff failed to file a separate Statement of Disputed Facts as directed by the Court.

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

### A.  Plaintiff's Failure to Comply with Local Rules

Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts.  Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts.  *Pro se* inmates are advised of this requirement in the Order directing them to file a summary judgment response.  *Pro se* inmates are also advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.

Plaintiff failed to submit a separate statement of disputed facts.  Thus, Defendants' Statement of Facts is deemed admitted pursuant to Local Rule 56.1(c).  In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Complaint.  A verified complaint is the equivalent of an affidavit for summary judgment purposes.  *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001).  "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint . . . ."  *Id*.  As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion.  *Id*.  The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . . ."  *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

### B.  Administrative Exhaustion of EA-22-00129

Plaintiff failed to exhaust EA-22-00129 for his claims in this case. The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate

4

files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances."  *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures.  *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Here, Plaintiff does not dispute that EA-22-00129 was the only ADC grievance he filed concerning his claims in this case.  Nor does he dispute that he failed to administratively exhaust this grievance.  Indeed, Plaintiff does not address administrative exhaustion at all.  Instead, he

argues only that the ADC does not process grievances properly.[2] To support this argument, Plaintiff provides a grievance appeal rejection indicating his appeal in EA-22-00129 was rejected because he did not follow the ADC grievance policy. Plaintiff's verified Complaint does not address EA-22-00129 or administrative exhaustion.

Defendants provided a full copy of EA-22-00129. (ECF No. 28-3). On his appeal document, Plaintiff states he was shipped to another ADC Unit before Malvern could answer the grievance, so he waited 12 days and then "went to Step II." (*Id.* at 2). Thus, in his grievance, he appears to argue that the grievance process was unavailable to him because he was transferred to a different ADC Unit. This argument is contradicted by the summary judgment record.

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones,* 549 U.S. at 218 (internal quotation marks and citation omitted). Plaintiff's Step II grievance was rejected as untimely, and his grievance appeal found that the rejection was appropriate under the ADC grievance policy. (ECF No. 28-1 at 9-10; 28-3 at 4). The ADC grievance policy expressly provides guidelines for ADC Unit transfers, and states that grievance deadlines during a transfer remain the same as the normal grievance process. (ECF No. 28-1 at 9; 28-2 at 9). There is no dispute Plaintiff failed to follow ADC grievance policy for EA-22-00129.

Thus, no material question of material fact remains concerning the administrative exhaustion of EA-22-00129, and Defendants are entitled to summary judgment as a matter of law.

---

[2] The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (no claim when defendants failed to timely and properly respond to a grievance). Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983. *Id.*

## IV. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 28) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**[3]

**IT IS SO ORDERED** this **26th day of June 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (*per curiam*).